UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NATHAN REESE** | : | Case No.1:22-cv-00627 |
| 5410 N. Timber Creek Drive | : | |
| Milford, OH 45150 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| **FORD MOTOR COMPANY** | : | |
| 3000 E. Sharon Road | : | |
| Cincinnati, OH 45241 | : | |
| | : | |
| Registered agent: | : | |
| C T CORPORATION SYSTEM | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, OH 43219 | : | |
| | : | |
| Defendant. | : | |

**PARTIES**

1. Plaintiff Nathan Reese ("Plaintiff" or "Reese") resides in Clermont County, Ohio.

2. Defendant Ford Motor Company ("Defendant" or "Ford") is a foreign multinational automobile manufacturer that conducts substantial business in Cincinnati, Ohio.

3. Defendant is an employer within the meaning of United States and Ohio law.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 621 *et seq*, the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et seq*, and the Family Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601 *et seq*.

1

5. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims derive from the same operative facts and are so related to his federal claims over which the Court has original jurisdiction that they form part of the same case or controversy.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). He filed that Charge less than 300 days after being notified of his termination. Plaintiff received a Notice of Right to Sue from the EEOC dated August 2, 2022 (attached as Ex. A), and this Complaint is filed within 90 days of receipt of the Notice.

7. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this division and district.

## FACTUAL ALLEGATIONS

8. Plaintiff Nathan Reese is African American.

9. Plaintiff has diabetes which is a disability as defined by AD, and Defendant was aware of Plaintiff's disability.

10. Defendant is a company engaged in the business of automobile manufacturing.

11. Defendant hired Plaintiff on or about June 18, 2018, as a Manufacturing Technician at the Sharon Road location in Cincinnati, Ohio.

12. At all times relevant to this Complaint, Plaintiff was a qualified, loyal, and dedicated employee.

13. Plaintiff has a daughter with a disability for which Plaintiff obtained approved intermittent leave under the Family Medical Leave Act ("FMLA") to care for her.

14. On or about August 15, 2020, Plaintiff's doctor recommended, and Plaintiff was approved for an accommodation for his disability to wear a personal protective facial mask.

2

15. Beginning in August 2020, Plaintiff noticed his hours to take FMLA leave were arbitrarily reduced without explanation.

16. On or about August 24, 2020, Jeremy Gordon informed Plaintiff he had worked 1,212 hours.

17. On or about August 28, 2020, Plaintiff went to Labor relations himself and was told he had only worked 1,203 hours.

18. The following week, Lawrence Miller informed Plaintiff he had worked 1,197.5 hours.

19. On or about September 14, 2020, Rocky Batista told Plaintiff that he had only worked 1,172 hours.

20. On September 16, 2020, Plaintiff asked John Warren to help him correct the hours for his FMLA.

21. Plaintiff followed up with Mr. Warren on September 17 and September 22, 2020, but never received a response.

22. On or about October 1, 2020, Plaintiff attended a medical appointment at the Diabetes and Endocrine center for his disability.

23. On or about October 3, 2020, Plaintiff was not required to be at work since he could not be forced into overtime over the weekend because he had been off the previous two days.

24. On or about October 5, 2020, Plaintiff was instructed not to report to work after he failed Defendant's COVID survey.

25. On or about October 15, 2020, Plaintiff's daughter's school was closed due to a student contracting COVID-19.

26. On or about October 23, 2020, Plaintiff experienced COVID-like symptoms and reported to Hometown Urgent Care and Occupational Health to take a COVID test.

27. Despite these absences being excused under Plaintiff's employment terms, Defendant's company policy, and applicable law, Defendant marked Plaintiff as "AWOL."

28. Defendant subsequently placed Plaintiff on a one-month suspension on November 9, 2021.

29. On February 8, 2021, Defendant's company physician Dr. Morman instructed Plaintiff that his temporary accommodation was about to expire, and he would need to see his doctor to renew it.

30. On February 9, 2021, Plaintiff met with his primary care provider to renew his mask exemption.

31. Defendant again marked Plaintiff as AWOL for his medical appointment that it instructed Plaintiff to attend.

32. On February 16, 2021, Defendant took short term disability leave to manage his disability.

33. Upon his return on June 16, 2021, Defendant abruptly terminated Plaintiff's employment effective immediately.

34. Labor Relations Manager, Nikolas Johnson participated in the decision to terminate Plaintiff.

35. To justify Plaintiff's termination, Defendant issued a notice of termination that cited poor attendance.

36. Defendant relied on days Plaintiff was not required to work and be forced into overtime, days missed for the care of his child during COVID-19, when he failed Defendant's COVID survey, and medical appointments for his disability.

37. Plaintiff's absences during these times were lawfully and pursuant to company policy excused and should not have been regarded as "AWOL."

## COUNT I

### (Disability Discrimination – ADA)

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Plaintiff has a disability and/or a record of a disability, and/or Defendant perceived Plaintiff as being disabled under the Americans with Disabilities Act of 1990, as amended ("ADA").

40. Plaintiff was qualified for his position at all relevant times.

41. Plaintiff's daughter has a disability.

42. Defendant knew of Plaintiff's responsibilities related to his daughter because he utilized approved intermittent FMLA leave to care for her.

43. Defendant treated Plaintiff differently than non-disabled employees because of Plaintiff's disability or perceived disability, and/or because of Plaintiff's association with his daughter who is disabled in violation of the ADA.

44. Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability, and/or because of Plaintiff's association with his disabled daughter in violation of the ADA.

45. Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability by terminating him as soon as he returned from short-term disability leave.

46. Defendant's actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

47. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under the ADA.

## COUNT II

### (Disability Discrimination – O.R.C. § 4112)

48. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

49. Plaintiff has a disability and/or a record of a disability, and/or Defendant perceived Plaintiff as being disabled under Ohio law.

50. Plaintiff was qualified for his position at all relevant times.

51. Plaintiff's daughter has a disability.

52. Defendant knew of Plaintiff's responsibilities related to his daughter because he utilized approved intermittent FMLA leave to care for her.

53. Defendant treated Plaintiff differently than non-disabled employees because of Plaintiff's disability or perceived disability, and/or because of Plaintiff's association with his daughter who is disabled in violation of O.R.C. § 4112.

54. Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability, and/or because of Plaintiff's association with his disabled daughter in violation of O.R.C. § 4112.

55. Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability by terminating him as soon as he returned from short-term disability leave.

56. Defendant's actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

57. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under Ohio Rev. Code. § 4112 for all damages resulting from its unlawful discriminatory conduct.

## COUNT III

### (FMLA Interference and Retaliation)

58. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

59. Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611 because Defendant employed him for at least 12 months, he worked at least 1,250 hours in the previous 12-month period, and Defendant employed 50 or more employees.

60. Plaintiff was entitled to FMLA approved leave for the care of his disabled child pursuant to 29 U.S.C. § 2611.

61. Defendant interfered with Plaintiff's entitled FMLA leave by arbitrarily and unjustifiably reducing his hours worked in order to exclude him from taking FMLA leave.

62. Defendant retaliated against Plaintiff for and in anticipation of him exercising his rights under the FMLA by terminating his employment and charging him AWOL on days that were covered under the FMLA.

63. Defendant's actions constitute willful violations of the FMLA, 29 U.S.C. § 2601.

64. As a result of Defendant's willful violations of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## COUNT IV

### (EFMLEA – FMLA Retaliation)

65. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

66. The Emergency Family and Medical Leave Expansion Act ("EFMLEA") is a part of the Families First Coronavirus Response Act ("FFCRA"). It requires a covered employer to provide expanded paid family and medical leave to an eligible employee who is "caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable, for reasons related to COVID-19." 29 C.F.R. § 826.20(a)(1)(v).

67. The FMLA's general prohibitions on interference with rights and discrimination, as well as the FMLA's enforcement provisions, apply with equal force to the EFLMEA. 29 C.F.R. § 826.151.

68. At all relevant times, Defendant was a covered employer under the EFMLEA, as defined by 29 C.F.R. § 826.40.

69. At all relevant times, Plaintiff was an eligible employee entitled to the protections of the EFMLEA. 29 C.F.R. § 826.30.

70. Plaintiff's use of leave to take time off when his daughter was not attending school due to her school being closed during the pandemic constituted a "qualifying reason" for leave under the EFMLEA. 29 C.F.R. § 826.20(a).

71. Intermittent leave is possible under the EFMLEA through mutual agreement of the employer and the employee. 29 CFR § 826.50.

72. A request to take leave is protected activity under the FMLA and by extension the EFMLEA.

73. Defendant interfered with Plaintiff's rights to leave and retaliated against him, in violation of 29 C.F.R. § 826.151, by, including but not limited to, interfering with his right to take intermittent paid family and medical leave by terminating his employment to avoid having to accommodate his requests for leave, and charging Plaintiff AWOL on days protected by EFMLEA leave in order to justify his termination.

74. By engaging in the foregoing conduct, Defendant has interfered with, restrained, and/or denied Plaintiff's exercise of or attempt to exercise his FMLA rights, in violation of 29 C.F.R. § 826.151(a) and 29 U.S.C. § 2615(a)(1).

75. Defendant's actions were willful and taken in bad faith. Defendant did not have reasonable grounds to believe its actions did not violate the FFCRA and its attendant regulations.

76. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery.

## COUNT V

### (EPLSA/FLSA Retaliation)

77. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

78. The Emergency Paid Sick Leave Act ("EPSLA") is a part of the FFCRA. It requires a covered employer to provide paid sick leave to an eligible employee who is "caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual

School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable, for reasons related to COVID-19." 29 C.F.R. § 826.20(a)(1)(v).

79. The enforcement provisions of the Fair Labor Standards Act ("FLSA") apply to EPSLA, such that an employer who retaliates against an employee for invoking the statute would be found to have violated § 15(a)(3) of the FLSA and would be subject to its penalties, including but not limited to liquidated damages. 29 C.F.R. § 826.150.

80. Likewise, an employer who fails to provide paid sick leave under the EPSLA is considered to have failed to pay the minimum wage under the FLSA and is subject to its penalties, including but not limited to liquidated damages. 29 CFR § 826.150.

81. At all relevant times, Defendant was a covered employer, as defined by the EPSLA. 29 CFR § 826.40.

82. At all relevant times, Plaintiff was an eligible employee as defined by the EPSLA. 29 C.F.R. § 826.30.

83. Intermittent leave was possible under the EPSLA through mutual agreement of the employer and the employee. 29 CFR § 826.50.

84. Plaintiff's requested use of leave to work from home or take time off when his daughter was not attending school due to virtual learning during the pandemic constitutes a "qualifying reason" for leave under the EPSLA. 29 C.F.R. § 826.20(a)(1)(v).

85. A request to take leave is protected activity under the EPSLA.

86. Defendant interfered with Plaintiff's rights to leave and retaliated against him, in violation 29 C.F.R. § 826.150, by, including but not limited to, terminating his employment to avoid having to accommodate his requests for leave, and charging Plaintiff AWOL on days protected by the EPSLA in order to justify his termination.

87. By engaging in the foregoing conduct, Defendant has interfered with, restrained, and/or denied Plaintiff's exercise of or attempt to exercise his EPSLA rights, in violation of 29 C.F.R. § 826.151(a) and 29 U.S.C. § 215(a)(3).

88. Defendant's actions were willful and taken in bad faith, and Defendant did not have reasonable grounds to believe its actions did not violate the FFCRA and its attendant regulations. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery.

## COUNT VI

### (Race Discrimination – Title VII)

89. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

90. Plaintiff was treated less favorably than similarly situated Caucasian employees and subjected to adverse employment actions by Defendant, including suspension and termination, on account of his race in violation of Title VII.

91. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

92. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT VII

### (Race Discrimination – O.R.C. § 4112)

93. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

94. Plaintiff was treated less favorably than similarly situated Caucasian employees and subjected to adverse employment actions by Defendant, including suspension and termination on account of his race in violation of Ohio law.

95. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

96. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described herein;

(b) That Plaintiff be reinstated to his employment effective June 16, 2021;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages, including for emotional distress;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(h) That Plaintiff be awarded pre-judgment and post-judgment interest;

(i) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

        Respectfully submitted,

        /s/ *George M. Reul, Jr.*
        George M. Reul, Jr. (0069992)
        Trial Attorney for Plaintiff
        Freking, Myers, & Reul, LLC
        600 Vine Street, 9th Floor
        Cincinnati, OH 45202
        Phone: (513) 721-1975
        Fax: (513) 651-2570
        *greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

        /s/ *George M. Reul, Jr.*